IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| KITTY GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | 2:06CV270 - WKW |
| THE COLONIAL BANCGROUP, INC. | ) | |
| and COLONIAL BANK, N.A., | ) | DRB: Magistrate Judge Assigned |
| | ) | |
| Defendant. | ) | |

### DEFENDANT THE COLONIAL BANCGROUP, INC.'S
### SUPPLEMENTAL MOTION TO DISMISS

COMES NOW Defendant The Colonial BancGroup, Inc. ("BancGroup") and pursuant to Fed. R. Civ. P. 12(b)(6) and in connection with its previously filed Motion to Dismiss, requests that the Court expand BancGroup's Motion to Dismiss to include any claims which Kitty Graham ("Ms. Graham") may have brought in this action on the basis of the Age Discrimination in Employment Act ("ADEA"). In support hereof, BancGroup represents as follows:

1.  Ms. Graham's Pro Se Complaint states in paragraph 3 that her action is brought pursuant to Title VII of the Civil Rights Act of 1964. However, the Complaint also states in paragraph 6(e) that the conduct of BancGroup was discriminatory on the basis of Ms. Graham's age.

2.  While the printed portion of the Pro Se Complaint seems to indicate that all claims in the Complaint are brought pursuant to Title VII, out of an abundance of caution, BancGroup respectfully requests that the Court expand BancGroup's April 18, 2006, Motion

to Dismiss to include any claims Ms. Graham has brought pursuant to the ADEA.

  3. As a supplement to its earlier filed Motion to Dismiss, BancGroup notes that the ADEA applies only to those private employers with at least 20 employees. 29 U.S.C. §630(b). As previously demonstrated in Tara Gibson's Affidavit, BancGroup had less than 15 employees during the years 2005 and 2004.[1] Accordingly, BancGroup had less than the requisite 20 employees required for coverage pursuant to the ADEA. *See also Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir. 1993); *York v. Tenn. Crushed Stone Assoc.*, 684 F. 2d 360, 362 (6th Cir. 1982). For this reason, to the extent Ms. Graham attempts to make any ADEA claims against BancGroup, these claims are due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as BancGroup was not covered by the ADEA during the time period in question.

  WHEREFORE, PREMISES CONSIDERED, BancGroup respectfully requests on the basis of this Motion and its earlier filed Motion to Dismiss that this Court enter an Order dismissing BancGroup as a Defendant in this action.

**MILLER, HAMILTON, SNIDER & ODOM**, L.L.C.

/s/James A. Patton, Jr.
James A. Patton, Jr. (ASB-6243-T77J)
505 20th Street North
1200 Financial Center
Birmingham, Alabama 35203
Phone: (205) 226-5200

---

[1] In response to Plaintiff's statement that she had not received a copy of Ms. Gibson's Affidavit, counsel for Colonial Bank has previously forwarded a copy of this Affidavit to Plaintiff.

**THE COLONIAL BANCGROUP, INC., AND COLONIAL BANK, N.A.**
David B. Byrne, Jr. (ASB-0354-R69D)
General Counsel
One Commerce Street
Montgomery, Alabama 36104

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon counsel of record via U.S. Mail:

Kitty Graham, Pro Se
P.O. Box 240597
Eclectic, AL 36024

DONE this the 16th day of May, 2006.

/s/James A. Patton, Jr.
Of Counsel