IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KITTY GRAHAM ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | 2:06CV270-WKW |
| ) | |
| THE COLONIAL BANCGROUP, INC. ) | |
| and COLONIAL BANK, N.A., ) | DRB Magistrate Judge Assigned |
| ) | |
| Defendant ) | |

**DEFENDANT THE COLONIAL BANCGROUP, INC.'S
REPLY TO KITTY GRAHAM'S RESPONSE CONCERNING THE
COLONIAL BANCGROUP, INC.'S MOTION TO DISMISS**

**COMES NOW** Defendant The Colonial BancGroup, Inc. and, pursuant to Fed. R. Civ. P. 12(b)(6) and in connection with its previously filed Motion to Dismiss (Doc. no. 5), submits the following reply to Plaintiff Kitty Graham ("Ms. Graham") Response to BancGroup's previously filed Motion to Dismiss (the "Response") (Doc. no. 9).

**REPLY ARGUMENT**

On March 24, 2006, Plaintiff Graham filed her complaint against Defendants Colonial Bank, N.A. and The Colonial Bank Group, Inc. (the "BancGroup"), alleging gender and age discrimination. (Doc. no. 1).

On April 18, 2006, Defendant BancGroup filed a Motion to Dismiss Plaintiffs' claims based on the fact BancGroup did not employ the requisite number of employees as defined by Title VII (15 employees) or the ADEA (20 employees) during the 2004 and 2005 calendar years. (Doc. no. 6). In support of its motion to dismiss, BancGroup submitted the affidavit of Tara Gibson, establishing that BancGroup employed only 14 employees during 2004 and 2005. *Id*. at Ex. 1.

On May 10, 2006, Plaintiff Graham filed a Response to BancGroup's Motion to Dismiss, to which she attached BancGroup's Annual Reports (Form 10-K) filed with the United States Securities and Exchange Commission for 2004 and 2005 (hereinafter, collectively the "Annual Reports"). (Doc. no. 8), Exs. 1 & 2. Plaintiff contends that BancGroup is subject to the provisions of Title VII and the ADEA because its Annual Reports reflect that it employed in excess of 4,000 employees during 2004 and 2005. (Doc. no. 8). Plaintiff's reliance on cited language of the Annual Reports, however, is misplaced.

In particular, a close reading of the Annual Reports clearly reflects that the statements regarding the number of persons employed by BancGroup included not only those persons employed by BancGroup, but also those persons employed by "BancGroup *and its subsidiaries*" *e.g.*, Colonial Bank, N.A., Colonial Brokerage, Inc., etc. (Doc. no. 8) at Ex. 1. In other words, BancGroup did not employee 4,303 or 4,607 employees during 2004 and 2005, respectively. Rather, as demonstrated by the plain, unambiguous language of the Annual Report, BancGroup and its subsidiaries *collectively* employed over 4,000 employees during 2004 and 2005.

Colonial Bank, N.A. and BancGroup are separate juridical entities, having separate and independent rights and responsibilities of a natural person under the law. In fact, the Annual Reports submitted by Plaintiff specifically establish the distinction between BancGroup and Colonial Bank, N.A., stating that BancGroup was organized in 1974 as a "bank holding company under the Bank Holding Company Act of 1956"; that its "principal activity [] is to supervise and coordinate the business of its subsidiaries and provide them with capital and services"; and that "[i]n 1997 [] BancGroup consolidated its various banking subsidiaries into Colonial Bank." *Id.* Likewise, the 2005 Annual Report states that "BancGroup derives substantially all of its income from dividends received from Colonial Bank." In contrast, the 2005 Annual Report separately

describes subsidiary Colonial Bank's operations under the heading "Subsidiary Bank", stating that at the close of the 2005 calendar year, Colonial Bank had a total of 301 bank branches located in five (5) states.

In sum, none of the statements in the Annual Reports regarding the number of employees employed by BancGroup and its subsidiaries is inconsistent with undisputed testimony of Tara Gibson that BancGroup employed only 14 employees during 2003 and 2005.[1]

## CONCLUSION

For these reasons, as well as those presented by BancGroup in its Motion to Dismiss and the affidavit of Tara Gibson submitted contemporaneously therewith, BancGroup respectfully requests that the Court grant Defendant BancGroup's Motion to Dismiss all of Plaintiff Graham's claims in this action.[2]

---

[1] To the extent Plaintiff's Complaint makes a claim under the Age Discrimination in Employment Act ("ADEA"), BancGroup's arguments concerning the inapplicability of Title VII logically apply with equal or greater force to Plaintiff's ADEA claim. *See* 29 U.S.C. § 630(b) (the ADEA applies only to private employers who employ at least 20 employees); *see generally* BancGroup's Supplemental Motion to Dismiss (Doc. no. 10). On this basis BancGroup requests that the Court apply each of BancGroup's Title VII arguments to any ADEA claims that the Court finds exist in this matter even to the extent that BancGroup does not explicitly make any such arguments in this Reply.

[2] BancGroup has never claimed that neither it nor its subsidiary Colonial Bank is not subject to civil rights actions under Title VII or the ADEA. In fact, Defendant Colonial Bank has filed an answer in this action. Rather, BancGroup asserts that during the relevant time period, it employed less than the number of employees required under Title VII (15 employees) or the ADEA (20 employees).

3

/s/Christopher W. Weller
Christopher W. Weller (WEL030)
**CAPELL & HOWARD, P. C.**
P.O. Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000

**THE COLONIAL BANCGROUP, INC. &
COLONIAL BANK, N.A.**
David B. Byrne, Jr. (ASB-0354-R69D)
General Counsel
One Commerce Street
Montgomery, Alabama 36104

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

 I hereby certify that I have served a copy of the foregoing upon counsel of record *viá* U.S. Mail:

Kitty Graham, Pro Se
P.O. Box 240597
Eclectic, Alabama 36024

 DONE this the 16th day of June, 2006.

             /s/Christopher W. Weller_____
                Of Counsel