IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **KITTY GRAHAM** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | 2:06CV270-WKW |
| ) | |
| **THE COLONIAL BANCGROUP, INC.** ) | DRB Magistrate Judge Assigned |
| **and COLONIAL BANK, N.A.,** ) | |
| ) | |
| **Defendants.** ) | |

**MOTION FOR SUMMARY JUDGMENT**
**OF DEFENDANT THE COLONIAL BANCGROUP, INC.**

**COMES NOW** The Colonial BancGroup, Inc. ("BancGroup"), one of the Defendants in the above-styled case, and, pursuant to FED. R. CIV. P. 56(b), respectfully moves this Court for summary judgment on all claims asserted by Plaintiff Kitty Graham ("Plaintiff" or "Graham") because there is no genuine issue as to any material fact and because BancGroup is entitled to judgment as a matter of law. In particular, BancGroup is not liable as an "employer" under either Title VII or the ADEA because it did not employ the requisite number of employees during the relevant time period (2004 and 2005).

Defendant's motion is based on the pleadings heretofore filed in this action as well as the attached affidavit of Tara Gibson, Colonial Human Resource Area Manager (hereinafter, "Gibson Aff., Ex. A"). In further support of this motion, Defendant BancGroup shows unto the Court as follows:

1. On March 24, 2006, Graham filed the instant action against BancGroup as well as Colonial Bank, N.A. ("Colonial Bank"), alleging that her termination on January 18, 2005 was the product of gender and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967,

1

29 U.S.C. § 671, *et seq.* (Doc. no. 1). More specifically, Graham alleges that the elimination of her position was a pretext to conceal her discriminatory termination by Defendants; that Defendants merely re-titled her position and assigned her same job duties to a younger male employee – Cary Guffey (age 33). *Id.* at ¶ 9.

2. On April 18, 2006, Defendants answered Graham's Complaint, wherein they denied the material allegations therein and asserted various affirmative defenses thereto. (Doc. no. 4).

3. Defendant BancGroup is entitled to summary judgment on Plaintiff's claims, however, because it is not an "employer" as defined by Title VII or the ADEA in that it does not employ the requisite number of employees. Consequently, the Court lacks subject matter jurisdiction over Plaintiff's claims against BancGroup.

4. The ADEA defines "employer" to include "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 29 U.S.C. § 630(b).[1] Title VII similarly defines an "employer" as "a person, or agent of such person, engaged in an industry affecting commerce, employing 15 or more employees for 20 or more weeks in the calendar year current or immediately preceding the date of the alleged act." 42 U.S.C. § 2000e(b).[2] Additionally, the "current year" is defined as the calendar year in which the alleged discrimination occurred: the "preceding" year is the "year prior to that year." *See Dumas v. Town of Mount Vernon*, 612 F.2d 974, 979-80 (5th Cir. 1980); *see also* 2 Barbara Lindeman & Paul Grossman, *Employment Discrimination Law*, 1304-07 (1996). Therefore, in the instant

---

[1] *See also Morris v. Coney,* Civil Action No. 3:96-CV-2464-D, 1998 WL 59484, 1998 U.S. Dist. LEXIS 1587 (N.D. Tex. Feb. 9, 1998) (ADA and ADEA context); *Sharp v. Earth Science Laboratories, Inc.*, Civil Action No. 98-2573 Section "N," 1999 WL 493274, 1999 U.S. Dist. LEXIS 10698 (E.D. La. Jul 8, 1999) (ADEA and Louisiana's ADEA context).
[2] *See also Steele v. Offshore Shipbuilding, Inc.*, 867 F.3d 1311, 1315 (11th Cir. 1989); *Landon v. Agatha Harden, Inc.*, 6 F. Supp 2d 1333, (M.D. Ala. 1998).

case, the two calendar years at issue are 2004 (the year preceding the alleged discrimination), and 2005 (the year the alleged discrimination occurred).

5.   In 1997, the U.S. Supreme Court resolved a split in the Circuit Courts of Appeal regarding the method for counting the number of employees by adopting the "payroll approach" under which employees may be counted if they are on the payroll during the required 20 weeks.[3] *See Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 207-08 (1997). The Court further held that establishing the number of employees is readily demonstrated by whether the individual appears on the employer's payroll. *Id*. *See also Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266 (11th Cir. 2001) ("The question addressed in *Walters* was 'whether an employer "has" an employee [for purposes of Title VII] on any working day on which the employer maintains an employment relationship with the employee, or only on working days on which the employee is actually receiving compensation from the employer.'") (citing *Walters*, 519 U.S. at 204). The Eleventh Circuit followed suit shortly thereafter. *See, e.g.*, *Llampallas v. Mini-Circuits Lab, Inc*., 163 F.3d 1236, 1243 (11th Cir. 1998) ("only individuals who receive compensation from an employer can be deemed 'employees' under [Title VII].").

6.   It is also well-established that the plaintiff bears the burden of establishing the requisite number of employees under Title VII and the ADEA. *See, e.g.*, *Ost v. West Suburban Travelers Limousine*, 88 F.3d 435, 438 (7th Cir. 1996) (plaintiff bears the burden of proving the number of employees in Title VII cases under the payroll method); *Wilson v. Comtrust LLC*, 249 F. Supp.2d 993, 997 (N.D. Ill. 2003) (same); *Bliss v. Jennifer Convertibles, Inc*. 2003 WL

---

[3] Although *Walters* concerned Title VII of the Civil Rights Act of 1964, the definition of "employer" under the ADEA is virtually identical to the definition of employer under §710(b) of Title VII. Therefore, the *Walters* decision applies with equal weight and authority in interpreting §630(b) of the ADEA. *See, e.g.*, *Sharp v. Earth Science Laboratories, Inc*.,1999 WL 493274 (E.D. La., July 09, 1999) (applying the payroll method in an ADEA case); *Cohen v. S.U.P.A., Inc*., 814 F. Supp. 251, 254-55 (N.D.N.Y. 1993) (applying the payroll method in an ADEA case).

22239655 (N.D. Ill. 2003) (same). Consequently, in the instant case, Plaintiff Graham must establish that BancGroup employed 15 employees for purposes of Title VII liability and 20 employees for purposes of ADEA liability during the year that the alleged discriminatory act occurred (2005) and during the preceding year (2004). Absent such proof, the Court lacks subject matter jurisdiction over Plaintiff's claims against BancGroup.

7.     In the instant case, as established by the attached affidavit of Tara Gibson, BancGroup employed only 14 persons during the 2004 and 2005 calendar years. Gibson Aff., Ex. A at ¶¶4-6.[4]

8.     The only evidence Plaintiff previously offered in an attempt to establish BancGroup's alleged "employer" status are the BancGroup's 2004 and 2005 Annual Reports (Form 10-K) filed with the United States Securities and Exchange Commission for 2004 and 2005 (hereinafter, collectively the "Annual Reports"), which reflect only that "BancGroup *and its subsidiaries*" employed in excess of 4,000 persons during the relevant time period. (Doc. no. 8), Exs. 1, 2. However, as demonstrated by the plain, unambiguous language of the Annual Report, BancGroup and its subsidiaries, *i.e.*, Colonial Bank, N.A., Colonial Brokerage, Inc., etc., *collectively* employed over 4,000 employees during 2004 and 2005.

9.     Colonial Bank, N.A. and BancGroup are separate juridical entities, having separate and independent rights and responsibilities of a natural person under the law. In fact, the Annual Reports submitted by Plaintiff specifically establish the distinction between BancGroup and Colonial Bank, N.A., stating that BancGroup was organized in 1974 as a "bank holding company under the Bank Holding Company Act of 1956"; that its "principal activity []

---

[4] Although BancGroup employed a total of 16 employees during the 2005 calendar year, two of the employees were not employed for a 20-week period as required by Title VII and the ADEA. In particular, BancGroup employed Catherine Hewlett only for a brief, two-week period in 2005 (February 11-28, 2005), and employed Vivian McKean for only nine weeks during 2005, *i.e.*, until March 10, 2005. Gibson Aff., Ex. A at ¶6. Therefore, neither Hewlett nor McKean can be counted as employees for purposes of Title VII or the ADEA.

is to supervise and coordinate the business of its subsidiaries and provide them with capital and services"; and that "[i]n 1997 [] BancGroup consolidated its various banking subsidiaries into Colonial Bank." (Doc. no. 9), Exs. 1 & 2. The 2005 Annual Report separately describes subsidiary Colonial Bank, N.A.'s operations under the heading "Subsidiary Bank", stating that at the close of the 2005 calendar year, Colonial Bank had a total of 301 bank branches located in five (5) states.[5] In sum, the 2004 and 2005 Annual Reports previously submitted by Graham fail to establish that BancGroup employed the requisite number of employees under Title VII and ADEA and fail to rebut the undisputed affidavit testimony of Colonial Human Resources Manager Tara Gibson. For these reasons, the Court lacks subject matter jurisdiction over Plaintiff's Title VII and ADEA claims against BancGroup.

**WHEREFORE, PREMISES CONSIDERED**, The Colonial BancGroup, Inc. respectfully requests that, pursuant to FED. R. CIV. 56(b), the Court grant summary judgment in its favor and dismiss Plaintiff Graham's Complaint and all claims therein.

---

[5] The 2005 Annual Report also included a discussion of Colonial Bank's wholly-owned subsidiaries offering various insurance products and annuities through its wealth management area, *i.e.,* the same Colonial Bank division which employed Plaintiff Graham during the events claimed in this action.

        Respectfully submitted,

        /s/Christopher W. Weller
        Christopher W. Weller (WEL030)
        **CAPELL & HOWARD, P. C.**
        P.O. Box 2069
        Montgomery, Alabama 36102-2069
        (334) 241-8000

        **THE COLONIAL BANCGROUP, INC. &**
        **COLONIAL BANK, N.A.**
        David B. Byrne, Jr. (ASB-0354-R69D)
        General Counsel
        One Commerce Street
        Montgomery, Alabama 36104

        **ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record *viá* U.S. Mail:

        Kitty Graham, Pro Se
        P.O. Box 240597
        Eclectic, Alabama 36024

DONE this the 18th day of August, 2006.

        /s/Christopher W. Weller
        Of Counsel