IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KITTY GRAHAM ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | 2:06CV270-WKW |
| ) | |
| THE COLONIAL BANCGROUP, INC. ) | DRB Magistrate Judge Assigned |
| and COLONIAL BANK, N.A., ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
COLONIAL BANK, N.A. AND THE COLONIAL BANCGROUP, INC.**

**COME NOW** Defendants, The Colonial BancGroup, Inc. and Colonial Bank, N.A. (collectively, "Colonial") and pursuant to FED. R. CIV. P. 56(b), respectfully move this Court for summary judgment on all claims asserted by Plaintiff Kitty Graham ("Plaintiff" or "Graham") because there is no genuine issue as to any material fact and because Colonial is entitled to judgment as a matter of law.

Defendants' motion is based on the pleadings filed in this action, as well as the Memorandum of Law and accompanying exhibits submitted contemporaneously herewith.

In further support of this motion, Defendant Colonial shows unto the Court as follows:

1. On April 11, 2005, Plaintiff Kitty Graham filed a Charge of Discrimination (No. 130-2005-03814) with the Equal Employment Opportunity Commission (the "EEOC" or "Commission"). Charge of Discrimination, Ex. L.[1] In her Charge of Discrimination, Graham alleged that Colonial discriminated against her on the basis of sex and age when it eliminated her position as Platform Annuity Agent Trainer on January 18, 2005, and terminated her employment. *Id.*

---

[1] All exhibits referred to herein are contained in a separately bound volume of exhibits submitted contemporaneously herewith in support of this motion.

1

2. On December 23, 2005, the EEOC mailed Graham's attorney a Dismissal and Notice of Rights letter informing Graham that it was closing the file on her Charge of Discrimination. *See* December 23, 2005 EEOC Dismissal and Notice of Rights Letter, Ex. F. According to this Notice, the EEOC determined based on its investigation, it was unable to conclude that the information obtained established a violation of the statutes. *Id.*

3. On March 24, 2006, Plaintiff filed the instant action against Colonial. (Doc. no. 1). In her complaint against Colonial Bank, Graham alleges that her termination on January 18, 2005 was the product of gender and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 671, *et seq.* (Doc. no. 1). In particular, Graham alleges that the elimination of her position was a pretext to conceal her discriminatory termination by Colonial; that Colonial merely re-titled her position and assigned her same job duties to a younger male employee -- Cary Guffey (age 33). *Id.* at ¶ 9.

4. On April 18, 2006, Colonial answered Graham's Complaint, wherein it denied the material allegations therein and asserted various affirmative defenses thereto. (Doc. no. 5).

5. Graham's claims against Colonial fail as a matter of law and are due to be dismissed because she cannot establish a *prima facie* case for either claim and because she cannot show that Colonial's legitimate and nondiscriminatory reasons for its actions were a pretext to discriminate against Graham based on her age or gender.

6. In particular, as set forth in detail in Colonial's summary judgment brief submitted contemporaneously herewith, Colonial eliminated Graham's position, as well as 28 other positions within the Wealth Management division, as part of a comprehensive reorganization of the division for the purpose of increasing the division's productivity and

profitability. Moreover, Mr. Guffey did not merely replace Graham and assume her former Trainer duties; rather, her duties were subsumed into the more expansive duties of the Wholesaler position for which Graham lacked the objective minimum qualifications. Specifically, Graham was not qualified to train Colonial's Financial Consultants because she had no brokerage experience and was not licensed by the National Association of Securities Dealers ("NASD") to sell NASD licensed products such as stocks, bonds, mutual funds and variable annuities.

7. In contrast, at the time of his promotion to the new Wholesaler position, Cary Guffey held an MBA and several NASD licenses, and he had five years of brokerage experience selling insurance, fixed-rate annuities, stocks, bonds, mutual funds, variable annuities and other NASD licensed products.

8. Even assuming *arguendo* that Graham could establish a *prima facie* case under Title VII or the ADEA, Colonial's decisions to eliminate Graham's position and to appoint Cary Guffey to the new Wholesaler position were based on legitimate, nondiscriminatory reasons, including Colonial's good faith business judgment that both decisions ultimately would improve the efficiency and profitability of the Wealth Management division.

9. For these reasons, as set out more fully in Colonial's accompanying summary judgment brief and exhibits thereto, Colonial is entitled to summary judgment on Plaintiff Graham's claims.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Colonial Bank, N.A. and The Colonial BancGroup, Inc. respectfully request that, pursuant to FED. R. CIV. 56(b) the Court grant summary judgment in its favor and dismiss Plaintiff Graham's Complaint and all claims therein.

       Respectfully submitted,

       /s/Christopher W. Weller
       Christopher W. Weller (WEL030)
       **CAPELL & HOWARD, P. C.**
       P.O. Box 2069
       Montgomery, Alabama 36102-2069
       (334) 241-8000

       **THE COLONIAL BANCGROUP, INC. &**
       **COLONIAL BANK, N.A.**
       David B. Byrne, Jr. (ASB-0354-R69D)
       General Counsel
       One Commerce Street
       Montgomery, Alabama 36104

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing upon counsel of record *viá* U.S. Mail:

       Kitty Graham, Pro Se
       P.O. Box 240597
       Eclectic, Alabama 36024

    DONE this the 21st day of August, 2006.

       /s/Christopher W. Weller
           Of Counsel