# EXHIBIT L

EEOC FORM 131 (5/01) **U. S. Equal Employment Opportunity Commission**

| | |
|---|---|
| GREG HILL<br>SR. VP OF HUMAN RESOURCE<br>COLONIAL INVESTMENT SERVICES<br>32 COMMERCE STREET<br>MONTGOMERY, AL 36104 | PERSON FILING CHARGE<br><br>Kitty Graham<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>130-2005-03814 |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act                    [ ] The Americans with Disabilities Act

[X] The Age Discrimination in Employment Act            [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by  **20-MAY-05**  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by                to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
   to
   If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Arthur L. McGhee,                              **Birmingham District Office**
Enforcement Supervisor                         **Ridge Park Place**
EEOC Representative                            **1130 22nd Street, South**
Telephone: **(205) 221-2067**                  **Birmingham, AL 35205**

Enclosure(s): [X] Copy of Charge

| CIRCUMSTANCES OF ALLEGED DISCRIMINATION |
|---|
| [ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [X] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER |

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Apr 21, 2005 | **Bernice Williams-Kimbrough,**<br>**District Director** | *Bernice Williams-Kimbrough* |

Enclosure with EEOC
Form 131 (5/01)

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14   Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

| CHARGE OF DISCRIMINATION<br>form is affected by the Privacy Act of 1974; See Privacy Act Statement before<br>pleting this form. | AGENCY<br>[ ] FEPA<br>[X] EEOC | CHARGE NUMBER<br>130-2005-03814 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| ME (indicate Mr., Ms., Mrs.) Ms. Kitty Graham | HOME TELEPHONE (include area code) (334) 541-3292 | |
|---|---|---|
| REET ADDRESS<br>. Box 240597 | CITY, STATE AND ZIP CODE<br>Eclectic, AL 36024 | DATE OF BIRTH<br>04/05/47 |

MED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT
ENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| ME<br>onial Investment Services, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>Greater than 20 employees | TELEPHONE (Include Area Code)<br>334-240-5326 |
|---|---|---|
| REET ADDRESS<br>ommerce Street | CITY, STATE AND ZIP CODE<br>Montgomery, AL 36104 | COUNTY<br>Montgomery |

| ME | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| REET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| USE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br><br>[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [X] AGE<br>[ ] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA)    LATEST (ALL)<br>January 18, 2005<br>[X] Continuing action |
|---|---|

E PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

e particulars of my charge are set forth in the attached affidavit.

APR 11 2005

| ant this charge filed with both the EEOC and the State or local Agency, if<br>y. I will advise the agencies if I change my address or telephone number<br>d I will cooperate fully with them in the processing of my charge in<br>cordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br><br>swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| leclare under penalty of perjury that the foregoing is true and correct.<br><br>1/8/05    *Kitty Graham*<br>ate    Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME ON THIS DATE<br>(DAY, MONTH, AND YEAR) |

C FORM 5 (Test 10/94)

## **AFFIDAVIT OF KITTY GRAHAM**

STATE OF ALABAMA )
MONTGOMERY COUNTY )

Personally appeared before me, the undersigned Notary Public in and for the State of Alabama at Large, Kitty Graham, who is known to me and who, being duly sworn, deposes and says on oath as follows:

My name is Kitty Graham. I am over the age of nineteen (19) and this affidavit is based on my personal knowledge.

1. On January 18, 2005, while I was employed by Colonial Investment Services, Inc., I was unjustly terminated and replaced by a male who is much younger than I and who has much less seniority and experience in the banking business than I. At the time of my termination, I was fifty-seven (57) years old and held the position of Regional Platform Sales Director.

2. Prior to my termination, I had been working continuously in the banking industry for various financial institutions for approximately twenty-five (25) years. My years of banking experience include, but are not limited to, working in payroll, trust and customer service departments including working as an Assistant Vice President and Customer Sales Officer in charge of customer service and new accounts. Significantly, throughout my approximately twenty-five (25) years in the banking business through the date of my termination, I received good and/or excellent reviews.

3. Around 1990, I began working as a customer service representative for Elmore County National Bank and was subsequently promoted to the position of Assistant Vice President in charge of customer service and new accounts. Elmore County National Bank became Aliant Bank

-1-

during my tenure.

4.  In 2000, I began working as a customer sales representative at Colonial Bank's Wetumpka branch located on highway 231. Two years later, after receiving good and/or excellent reviews regarding my job performance, I was promoted to the position of Assistant Vice President and Customer Sales Officer, a position I held from 2002 until June 2003. While I was Assistant Vice President and Customer Sales Officer at the Colonial Branch in Wetumpka, I was one of Colonial Bank's top producers in Alabama, Georgia, Texas, Nevada and Florida for selling fixed annuities. I received good and/or excellent reviews for my job performance in this position, as well as recognition from Colonial Bank and awards from insurance companies that I wrote business for in this position for a job well done.

5.  As a result of the foregoing, Colonial Bank transferred and promoted me to work in the investment department of Colonial Investment Services, Inc., which is one of its subsidiaries, where I initially held the position of Regional Platform Training Officer. My job responsibilities included, but were not limited to, training existing and new Platform agents, i.e., employees licensed to sale life insurance and fixed annuities, how to better perform their job.

6.  Around September 2003, I was promoted to the position of Regional Platform Sales Director. As the Regional Platform Sales Director I initially traveled the state of Alabama, part of Tennessee[1] and part of the state of Georgia. My job duties were subsequently expanded to include all of the state of Georgia. My job responsibilities as the Regional Platform Sales Director included coordinating and implementing sales programs with licensed bankers and team leaders. I also

---

[1]   I traveled to Colonial Bank branches located in three cities in Tennessee near the Alabama state line. These branches were considered part of Colonial's north Alabama region.

continued to be responsible for training, seminars, workshops and branch meetings in an effort to educate and increase sales knowledge and production in the area of platform sales.

7. As noted above, I was replaced on January 18, 2005 by Cary Guffey, a male who is much younger than I who has much less seniority and experience than I in the banking business. In particular, on January 18, 2005, the very same day I was terminated, Guffey was promoted to the position of Regional Sales and Development Wholesaling Officer for Alabama, Georgia, Texas and Nevada. Guffey's new responsibilities were the same as mine except he was responsible for a slightly larger territory, i.e., approximately twenty-five (25) new bank branches in Texas and Nevada combined, which I could have easily handled but was summarily denied the opportunity.

8. Without any forewarning, on January 18, 2005 I was told that my job had been eliminated due to a reorganization or restructuring and that this would be my last day.[2] I asked what other positions were available for me within the Colonial Bank Group which, in addition to Colonial Investment Services, includes several other subsidiaries. I was shocked and humiliated to be emphatically told that, even though I had been one of their top producers, there was "no place for [me], not even as a teller," which is an entry level position. At no time that day, did anyone indicate that my job performance had anything to do with Colonial's refusal to allow me continued employment. Moreover, I had received only positive feedback regarding the manner in which I performed my job as Regional Platform Sales Director.

9. Significantly, the only other employees whose jobs were allegedly eliminated during this so called "reorganization" or "restructuring" were three other females, all of whom were over

---

[2] At the close of our meeting I was instructed to turn over my employee identification badge, which is needed for security purposes to access my work area. I was also told to make sure that I left the employee-issued lap top computer on my desk at the end of the day.

forty (40) years of age and whose job responsibilities were given to younger less experienced males.

10. Clearly, I have been the victim of age discrimination under the ADEA and but for Colonial's willful and/or reckless disregard for the same I would still have my job or a similarly situated position. In light of the foregoing, I also believe that I have been the victim of sex discrimination in violation of Title VII.

*Kitty Graham*
Kitty Graham

STATE OF ALABAMA     )
MONTGOMERY COUNTY    )

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that **Kitty Graham,** whose name is signed to the foregoing affidavit, and who is known to me, acknowledged before me on this day that she does swear the foregoing affidavit is true and correct, and that she executed the same voluntarily on this date.

SWORN TO AND SUBSCRIBED BEFORE ME this 4th day of April, 2005.

*Sharon Duke*
NOTARY PUBLIC

My Commission expires: 5/24/07

-4-