IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

KITTY GRAHAM,            )
                         )
    Plaintiff,           )
                         )
v.                       )    2:06-CV-00270-WKW
                         )
COLONIAL BANK, et al.,   )
                         )
    Defendants.          )

**PLAINTIFF KITTY GRAHAM'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Kitty Graham to file her response in opposition to Defendants, The Colonial Bancgroup, Inc. and Colonial Bank, N.A.'s Motion for Summary Judgment.

### RESPONSE

Plaintiffs response is based on the pleadings filed in this action as well as accompanying memorandums and exhibits submitted herewith that will demonstrate the genuine issues as to material facts that warrant denial of defendants' motion for summary judgment.

Plaintiff submits to the court the following:

1.  On January 18, 2005, defendants violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 by terminating plaintiff, without forewarning, and assigning her position to a much younger, less experienced male, Cary Guffey. Her position was re-titled to Regional Sales and Development Wholesaler, as evidenced by the duties assigned to Guffey and announced in Memorandum by Linda Green of January 18, 2005. (Exhibit E). This is evidence that there are significant issues to material facts in this case that warrant a denial of defendants' motions for summary judgment.

2. On April 13, 2005, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the EEOC) and subsequently received a Notice of Rights Letter and EEOC Dismissal notice entitling plaintiff to pursue her charge of discrimination through the court.

3. On March 24, 2006, plaintiff filed the instant action against defendants and will establish a *prima facie* case for each claim of discrimination According to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

4. In opposition to defendants claim that 28 other positions were eliminated in addition to plaintiffs' position, plaintiff contends that defendants are attempting to include this discriminatory action as part of a reorganization plan that took place many months (8) later. Defendants' action on January 18, 2005 occurred without forewarning to plaintiff and included the termination of only 3 other individuals who were all members of the protected class, women between the ages of 40 and 70, and all were replaced with younger males.

5. Defendant, in attempting to establish qualifications for various positions based upon registration with the National Association of Securities Dealers (NASD) and subject to various NASD licenses (Series 6, Series 7, Series 63, Series 65, Series 24, etc) fails to acknowledge that defendants' standard practice allows employees to obtain necessary licenses while employed where a position requires certain licensing and the candidate for the position is lacking the appropriate license(s). Affidavit of former Wealth Management Director, Rana Sanders, (Exhibit B) acknowledges this to be standard practice. Defendants' attempt to rely primarily

on licensing issues as a basis to avoid responsibility for its discriminatory actions does not hold up. It is noteworthy to point out that two of the four women terminated on January 18, 2005, Ann Fuller and Terri Meeves, held several NASD licenses, including the Series 7 license, and were qualified to perform sales and training duties for NASD licensed employees. Both, in former positions, had responsibility for selling and/or training regarding NASD regulated products. This fact seems to negate the defendants' claim that NASD licensing was a true factor in this case.

6. Defendants attempt to offer profitability and productivity issues as a basis for its actions of January 18, 2005 do not hold up in view of defendants ranking in reports by industry analysts during the time plaintiff served as the Regional Platform Training Director (Exhibit K).

7. For these reasons, as set out more fully in plaintiffs accompanying memorandum and exhibits, defendants are not entitled to summary judgment.

WHEREFORE, PREMISES CONSIDERED, plaintiff Kitty Graham respectfully requests that the Court deny defendants, Colonial Bank, N.A. and The Colonial BancGroup, Inc. their request for summary judgment.

Done this the 20th day of September, 2006.

*Kitty Graham*

Kitty Graham, Pro Se
P. O. Box 240597
Eclectic, AL 36024