# EXHIBIT C

January 18, 2005

Ms. Kitty Graham
P.O. Box 240597
Eclectic, Alabama 36024

    Re:    **Separation Agreement**

Dear Ms. Graham:

    This letter (the "Agreement"), upon your signature, will constitute the Agreement between you and The Colonial BancGroup, Inc., and its owners, stockholders, current and former agents, directors, officers, employees, parent companies, representatives, insurance carriers, attorneys, divisions, subsidiaries (including Colonial Bank, N.A.), affiliates and related companies and their predecessors, successors, heirs, executors, administrators, and assigns (collectively referred to as "Employer") concerning your separation of employment from Employer. The Agreement acknowledges the parties' desire to end their relationship on amicable terms.

1.    Your employment with Employer is scheduled to terminate effective January 18, 2005, pursuant to the terms of the Agreement.

2.    You have received or will receive by separate cover information regarding your rights to health insurance continuation and your retirement benefits. To the extent that you have such rights, nothing in the Agreement will impair those rights; more specifically, you waive no rights to bring an action pursuant to 29 U.S.C. §1132(a)(1)(B) of the Employee Retirement Income Security Act or the provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) related to providing eligible employees the opportunity for continuation of participation in the employer's group health insurance plan under certain circumstances. Furthermore, the Agreement does not affect any rights which you may have to vested benefits under any employer provided benefit plan.

3.    You have returned or will immediately return to Employer any company property and any information you have about Employer's practices, procedures, customer information, or product marketing.

4.    In consideration of your acceptance of the Agreement, Employer will provide you with the pay outlined in Attachment A to the Agreement after the expiration of the revocation period as set forth in Paragraph 9. If you do not sign the Agreement, you will not receive any of the additional consideration outlined in Attachment A because you would not otherwise be entitled to such consideration.

5.    Unless required or otherwise permitted by law, you will not disclose to others any information regarding the following:

    a.    Any information regarding Employer's practices, procedures, trade secrets, customer lists, or product marketing.

    b.    The terms of the Agreement, the benefit being paid under it or the fact of its payment, which are confidential except that you may disclose this information to your attorney, accountant or other professional advisor to whom you must make the disclosure in order for them to render professional services to you. You will instruct them, however, to maintain the confidentiality of the information just as you must.

6.    **Complete Release, Waiver of Claims and Covenant Not to Sue.**

    a. Release and Waiver: You hereby agree to release Employer from all claims or demands you have, may have, or may have had based on or in any way related to your employment with Employer or the termination of that employment, or based on any previous act or omission by or on behalf of Employer. You further agree to waive any right you may have with respect to the claims or demands from which Employer is herewith released. This release and waiver includes any rights or claims you may have under, but not limited to, the Age Discrimination in Employment Act (ADEA), which prohibits age discrimination in employment; Title VII of the Civil Rights Acts of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion or sex (including claims of sexual harassment); 42 U.S.C. §1981, which prohibits race discrimination; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; the Rehabilitation Act of 1973 and the Americans with Disabilities Act, which prohibit discrimination on the basis of handicap or disability; the Worker Adjustment Retraining and Notification Act, which requires employers to provide notice 60 days in advance of covered plant closings and covered mass layoffs; Family and Medical Leave Act; all state fair employment practice laws, including the Alabama Age Discrimination in Employment Act, which prohibits discrimination on the basis of age; or any other federal, state or local laws or regulations prohibiting employment discrimination. This release and waiver also includes any claims for wrongful discharge, whether based on claimed violations of statutes, regulations or public policy, including any claims pursuant to Section 25-5-11.1 of the Alabama Code, or claims in contract or tort based upon your employment and the termination thereof. This release and waiver also includes any claims that you suffered any harm by or through the

2

actions or omissions of Employer, including, but not limited to, claims for defamation or emotional distress.

    b.    Scope of Release/Non-release of Future Claims based on subsequent acts or omissions: The release and waiver, to which you voluntarily agree, covers all claims or demands based on any facts or events, whether known or unknown by you, that occurred on or before the effective date of this release. You fully understand that if any of the facts or circumstances on which you premise your execution of this release and waiver be found, suspected or claimed hereafter to be other than or different from the facts and circumstances now believed by you to be true, you nonetheless expressly accept and assume the risk of such possible differences in fact or circumstances and agree that this release and waiver shall be and remain effective notwithstanding any such difference in any such fact or circumstances. Employer acknowledges that you have not released any rights or claims that you may have under the Age Discrimination in Employment Act that arise after the date this release and waiver is executed.

    c.    No Future Lawsuits, Complaints or Claims (Covenant Not to Sue): You promise never to file a lawsuit, complaint or other claim asserting any claim or demand that is within the scope of the release and waiver. You acknowledge that you have no pending Workers' Compensation claims and that this release is not related in any way to any claim for Workers' Compensation benefits. You further acknowledge you know of no basis for such a claim. The Agreement, including release, waiver and covenant not to sue, may and shall be pled as a full and complete defense to, and may be used as a basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or maintained in breach thereof. You also as part of the Agreement acknowledge that you will not make any disparaging remarks about Employer. If you file a lawsuit, complaint or other claim asserting any claim or demand that is within the scope of the release and waiver, other than a charge of age discrimination or a lawsuit alleging a violation of the ADEA, COBRA, or 29 U.S.C. Sec. 1132(a)(1)(B) of the Employee Retirement Income Security Act, Employer, whether or not your claim is otherwise valid, shall be entitled to cancel any and all of its future obligations of the Agreement, and recoup 75% of the value of the monetary payment set out in Attachment A hereof if not prohibited by law, together with Employer's cost and reasonable attorney's fees incurred in the enforcement of the Agreement. To the extent that any claim may be brought on your behalf by some other entity, you specifically waive any right to damages of any sort for all such claim(s).

7.    **Period for Review and Consideration of Release and Waiver of Claims** - You acknowledge receipt of the original version of the Agreement, including release and waiver of

3

claims and covenant not to sue, and that you have been given 21 days to review and consider the Agreement, including the release and waiver of claims and covenant not to sue, before signing it.

8.  **Encouragement to Consult With an Attorney** - You acknowledge that Employer has encouraged you to consult with an attorney at your own expense before signing the Agreement.

9.  **Right to Revoke Release and Waiver of Claims** – The Agreement, including release and waiver of claims and covenant not to sue, will not be effective for a period of seven (7) days following the execution of the Agreement by you, during which time you may revoke the Agreement, including the release and waiver of claims and covenant not to sue. The Agreement will become effective and enforceable when the revocation period has expired (the "Effective Date"). Revocation is effective by delivering a written notice of revocation to Employer during the seven (7) day revocation period. If you revoke the Agreement, including the release and waiver of claims and covenant not to sue, the Agreement shall not be effective or enforceable and you will not receive the payment(s) and/or benefits(s) described herein to which you are not otherwise entitled under the law, including, without limitation, the payment(s) described in Attachment A of the Agreement. Revocation of the Agreement will have no effect on your termination of employment. A revocation made pursuant to this paragraph shall be effective only if it is in writing and it is delivered to Employer at the following address: Tara Gibson, Colonial Bank, 32 Commerce Street, Montgomery, Alabama 36104, in a manner reasonably calculated to provide you with proof of receipt and delivered at or prior to 5:00 PM on the seventh (7th) calendar day, or the first business day thereafter if that day is a Saturday, Sunday, or a day on which Employer is not open for business, following execution of the Agreement by you.

10. **Right to Re-Apply** – You are eligible to apply for employment with Employer in the future. You will need to contact the Human Resources Department concerning any interest in available positions and apply through the normal application process. In the event that you are re-hired by Colonial before the expiration of the payments outline in Attachment A, those payments will cease upon your re-employment with Colonial.

11. **Entire Agreement/Severability** – The Agreement, including release, waiver and covenant not to sue, contains all of the promises and covenants exchanged by the parties, and would not have been agreed upon but for the inclusion of such and every one of its conditions. The terms and conditions hereof constitute the entire agreement between Employer and you and supersede all previous and contemporaneous statements, communications, representations or agreements, either written or oral, by or between Employer and you with respect to the subject matter hereof, and no contemporaneous or subsequent agreement or understanding modifying, varying or expanding the Agreement shall be binding upon either party unless in writing and signed by a duly authorized representative of that party or, in the case of you, by you yourself. The release and waiver of claims and covenant not to sue set out in Paragraph 6 of the Agreement is an essential and material part of the Agreement. If Paragraph 6 materially fails or is found unenforceable by a court of competent jurisdiction, the remaining portions hereof shall be deemed void, and if you bring a claim other than a charge with the EEOC or a suit pursuant to the ADEA, you agree to return the payment(s) set forth in Attachment A to the Employer.

12.     You and Employer agree that the terms of the Agreement shall be governed by the laws of the State of Alabama except where federal law applies.

**I KNOWINGLY AND VOLUNTARILY CHOOSE TO ACCEPT THE TERMS OF THIS AGREEMENT IN CONNECTION WITH THE TERMINATION OF MY EMPLOYMENT.**

Dated: _____   _____
                                Name

Dated: _____   _____
                                Witness to signature of Name

Dated: _____   _____
                                Representative of Employer

To be signed by Employee upon receipt of Agreement.

I hereby acknowledge that I received a copy of this Agreement on this the _____ day of _____, 2005, and was informed that I have up to twenty-one (21) days from this date to consider it before signing, and I have been informed of my right to consult with an attorney.

_____

Kitty Graham

## ATTACHMENT A

A. **SEPARATION PAY**

You will be paid the equivalent of 160 hours of pay as consideration for the Agreement. These payments will be based on your base salary as of your last day of employment. These payments will be paid in the normal biweekly pay cycles and will be subject to the normal taxes and deductions. If you do not enter into the Agreement, you would not receive this additional pay. You will not be entitled to this pay until the expiration of the revocation period as set forth in paragraph 9.