IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KITTY GRAHAM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE COLONIAL BANCGROUP, INC. )<br>and COLONIAL BANK, N.A., )<br>)<br>Defendants. ) | CIVIL ACTION NO.:<br>2:06 CV270-WKW<br><br>DRB Magistrate Judge Assigned |

### ADDITIONAL EXHIBITS IN SUPPORT OF DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMMARY JUDGMENT (Doc. No. 22)

**COME NOW** Defendants, The Colonial BancGroup, Inc. and Colonial Bank, N.A., and submit the following additional Exhibits in support of its Memorandum of Law in Reply to Plaintiff's Memorandum of Law in Support of Response in Opposition to Defendants' Motion for Summary Judgment. All other exhibits in support of Defendants' Reply Brief have been previously submitted in support of Defendants' Motion for Summary Judgment (Doc. nos. 16 and 17).

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| M | Affidavit of Robert E. Lowder |
| N | Supplemental Affidavit of Linda Green |

Respectfully submitted,

/s/Christopher W. Weller
Christopher W. Weller (WEL030)
**CAPELL & HOWARD, P. C.**
P.O. Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000

**THE COLONIAL BANCGROUP, INC. &
COLONIAL BANK, N.A.**
David B. Byrne, Jr. (ASB-0354-R69D)
General Counsel
One Commerce Street
Montgomery, Alabama 36104

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon counsel of record *via* U.S. Mail:

Susan Graham, Pro Se
974 Lewis Road
Deatsville, Alabama 36002

DONE this the 6th day of October, 2006.

/s/Christopher W. Weller
Of Counsel

# EXHIBIT M

## AFFIDAVIT OF ROBERT E. LOWDER

**STATE OF ALABAMA**        )
                            )
**MONTGOMERY COUNTY**        )

Before me, a notary public in and for said state and county, personally appeared Robert E. Lowder, who, after being first duly sworn, deposes and says as follows:

1. My name is Robert E. Lowder. I am a resident of Alabama. I am currently the Chairman and Chief Executive Officer of Colonial BancGroup and, in such capacity, file this Affidavit in support of Colonial's motion seeking summary judgment in the lawsuits filed by former Family Insurance Manager, Susan Guy, and former Platform Annuity Agent Trainer, Kitty Graham. Both Ms. Graham and Ms. Guy were employed by Colonial Bank in its Wealth Management division until their positions were eliminated in January 2005 pursuant to a reorganization of the division.

2. I am authorized to make this affidavit, and I am competent to testify at trial regarding the statements made in this affidavit.

3. In May 2004, I hired Linda Green as the new Executive Vice President of the Wealth Management division of Colonial Bank, N.A. The job description for the Director position included minimum qualifications requiring candidates to hold certain NASD licenses. When I discussed the position with Ms. Green, she informed me that she did not hold the requisite licenses at that time, but we agreed that she could obtain those licenses after her appointment to the Director position.

4. Weighing all of Ms. Green's relative qualifications, I agreed to waive the NASD license requirement based on the following factors: my knowledge of the duties and functions of the Director position; my personal knowledge and experience regarding Ms. Green's past

1

performance as President/CEO-Huntsville Region of Colonial Bank, N.A. and, in particular, her management skills and success in implementing sales programs and accountability; my considered opinion that she was highly qualified to perform the functions of the Director position and the best candidate to effectively serve the interest of the Company; and my conclusion that possession of the NASD licenses was not immediately necessary for her to successfully perform the job.

5.  Immediately after her appointment as Director, Ms. Green was diagnosed with breast cancer and underwent a bilateral double mastectomy in June 2005, followed by six months of chemotherapy treatment. Even while undergoing chemotherapy, Ms. Green prepared for her Series 7 examination. She ultimately obtained her Series 7, 24 and 63 licenses in March, July and December of 2005, respectively.

**FURTHER THE AFFIANT SAYETH NOT.**

_____
Robert E. Lowder

**SWORN TO AND SUBSCRIBED BEFORE ME** on this the 5TH day of October 2006.

(SEAL)

_____
Notary Public
My Commission Expires: 2009

2

# EXHIBIT N

## SUPPLEMENTAL AFFIDAVIT OF LINDA GREEN

**STATE OF ALABAMA** )
)
**MADISON COUNTY** )

Before me, a notary public in and for said state and county, personally appeared Linda Green, who, after being first duly sworn, deposes and says as follows:

1. My name is Linda Green. I am a resident of Alabama. I am currently employed as Executive Vice President of the Wealth Management division of Colonial Bank, N.A. and, in such capacity, file this Supplemental Affidavit in support of Colonial's motion seeking summary judgment in the lawsuits filed by Kitty Graham and Susan Guy, former employees of the Wealth Management division.

2. I am authorized to make this affidavit, and I am competent to testify at trial regarding the statements made in this affidavit.

3. In her summary judgment Response Brief, Plaintiff Susan Guy expresses confusion regarding Sean Tesoro's proper job title. Although as Director of the Wealth Management division I originally announced on January 18, 2005 that Sean Tesoro had been appointed as "Sales and Service Manager," his title was later changed to "Program Director" to better reflect the functions of the position. The qualifications of and duties assigned to the position, however, have remained the same since Mr. Tesoro's appointment to the position. This title change was made after the elimination of Ms. Guy's position as Family Insurance Manager.

4. Furthermore, contrary to the statements made by both Susan Guy and Kitty Graham in summary judgment response briefs, the January 18, 2005 memorandum announcing the appointment of Sean Tesoro and Cary Guffey to their newly-created positions did not serve as a formal job description for either the Program Director (or Sales & Service Manager) or the

Regional Sales & Development Wholesaler positions. Rather, this interoffice memorandum was merely an announcement I provided to members of the managerial staff of Wealth Management and Bank Management announcing the new organizational structure of the division and generally describing the functions of the newly-created positions held by Messrs. Tesoro and Guffey.

5. Although discussed in detail in my first affidavit, prior to the creation of the Program Director position held by Mr. Tesoro, most of the NASD-related duties were assigned to the Product Manager position in the Program Management section of the Wealth Management division. Those former duties, in addition to the insurance and fixed annuity related duties of the former Family Insurance Manager position, have been consolidated into the single Program Director position held by Sean Tesoro. Furthermore, the majority of Mr. Tesoro's duties as Program Director involve functions related to NASD regulated products.

6. Finally, with respect to my promotion to the position of Director of Wealth Management in May 2004, although it is true that I did not hold any NASD licenses at the time of my appointment, I advised Chairman and Chief Executive Officer Robert Lowder of that fact during my interview. Mr. Lowder concluded, however, that I was qualified to perform the duties of the Director position based on my management skills and my success in establishing sales programs with appropriate accountabilities in my capacity as President/CEO of the Northern Region of Colonial Bank, N.A. (which included 11 counties and 33 bank branches). Moreover, Mr. Lowder concluded that it was not immediately necessary for me to hold those licenses to successfully perform the job. We further agreed that upon my appointment to the Director position, I would undertake the necessary steps to obtain the requisite securities licenses.

7. Immediately preceding my appointment to the Director position I was diagnosed with breast cancer and underwent a bilateral mastectomy in June 2005 as well as six months of

chemotherapy treatment following my surgery. Even while I was undergoing chemotherapy treatment, I began to prepare for the Series 7 examination in December 2004. I successfully completed the Series 7 examination in March 2005, the Series 24 examination in July 2005, and the Series 63 examination in December 2005.

**FURTHER THE AFFIANT SAYETH NOT.**

_Linda Green_
Linda Green

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 5th day of October 2006.

(SEAL)

Notary Public
My Commission Expires: _____





DONNA E. WEINBERG
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES 08/30/2013