IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KITTY GRAHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COLONIAL BANK, *et al.*, )<br>)<br>Defendant. ) | CASE NO. 2:06-cv-270-WKW |

## **ORDER**

Before the court is the defendants' Motion for Costs (Doc. # 38). On March 24, 2006, plaintiff filed suit against the defendants for alleged discriminatory discharge. Defendants' filed their Motion for Summary Judgment (Doc. # 16). The magistrate judge filed a Recommendation (Doc. # 29) that granted the defendants' Motion for Summary Judgment (Doc. # 16) on all counts. In an Order dated January 16, 2007 (Doc. # 36), the court entered judgment in favor of the defendants, and taxed costs against the plaintiff. Defendants subsequently filed their bill of costs.

28 U.S.C. § 1920 provides for the following:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses

28 U.S.C. § 1920. Further, Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court

otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). "Trial courts are accorded great latitude in ascertaining taxable costs." *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985) (citing *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963)).

Defendants claim costs in the amount of $1,728.37, with plaintiff's share designated as $864.18. The portion of costs that represents expenses for runners, printing, photocopying, electronic scanning, and facsimile ("Miscellaneous Costs") totals $373.71. Plaintiff's respective share of the Miscellaneous Costs is $186.85 and will be approved.[1] Defendants further claim costs of $1,354.65 as expenses for electronic legal research, i.e., Westlaw. However, 28 U.S.C. § 1920 does not provide for the recovery of electronic legal research fees as a cost taxed against the prevailing party, and, as such, the cost should not be taxed against the plaintiff.

There exists a split in the district courts as to the propriety of taxing a prevailing party the costs of electronic legal research. One view is that the costs of such research replaces hours of human research, and, is therefore, reasonably related to the purpose of 28 U.S.C. § 1920. *See Intern'l Wood Processors v. Power Dry, Inc.*, 598 F. Supp. 299 (D.S.C. 1984); *see also Vaughns v. Bd. of Educ. Of Prince George's County*, 598 F. Supp. 1262 (D. Md. 1984) (granted prevailing party electronic legal research expenses without discussion of the validity of the decision); *Independence Tube Corp. v. Cooperweld Corp.*, 543 F. Supp. 706 (D.C. Ill. 1982). On the other hand, the majority position is that electronic legal research is not a properly taxable cost because it is nothing more than an attorneys' fee. *See Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32 (1st Cir. 2006) (noting that computer assisted legal research is not a cost within the purview of § 1920); *Berkey Photo, Inc. v.*

---

[1] The defendants submit a bill reflecting the total costs of both this action and the companion case of *Susan Guy v. Colonial Bank, et al.*, 2:06-cv-271-WKW. The total amount of costs to which the defendants are entitled is calculated pro rata for each plaintiff.

*Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979); *Sorbo v. United Parcel Service*, 432 F.3d 1169 (10th Cir. 2005) (computer assisted legal research is properly considered as an attorney's fee, rather than as costs).  The Eleventh Circuit has not considered this particular question; however, sister courts have consistently followed the majority position.  *See Avirgan v. Hull*, 705 F. Supp. 544 (S.D. Fla. 1989) (disallowing electronic legal research fees as costs under § 1920); *Fressell v. AT & T Tech, Inc.*, 103 F.R.D. 111 (N.D. Ga. 1984); *Friedlander v. Nims*, 583 F. Supp. 1087 (N.D. Ga. 1984); *Roberts v. Charter Nat. Life Ins. Co.*, 112 F.R.D. 411 (S.D. Fla. 1986).

The *Friendlander* court stated the following, in support of its holding that computerized legal research expenses were not costs within § 1920:

> [C]omputerized legal research is, like other legal research, part of an attorney's preparation of a case. Although the line between attorney's fees and costs may be indeterminate, the Court believes that expenses for computerized legal research fall within the rubric of attorney's fees rather than that of costs. That use of a computer is "reasonable, if not essential, in contemporary legal practice" makes no difference: books, typing or word processing, office space, and even paralegal assistance are "reasonable, if not essential," and their costs are part of the total cost of an attorney's services. Nor does it matter that attorneys often bill their overhead for computer research as a separate item: many attorneys also bill typing and paralegal assistance costs separately.

This court agrees with the *Friendlander* court and holds that computerized legal research expenses are not costs as that term is used in § 1920.  Therefore, the defendants shall recover $186.85 as costs associated with this action.

It is ORDERED that the defendants are entitled to $186.85, taxed against the plaintiff, for costs associated with this action.

DONE this 5th day of April, 2007.

                                                  /s/  W.  Keith Watkins
                                              UNITED STATES DISTRICT JUDGE